Gkeen, J.
delivered .the opinion of the court.
On the 20th January, 1840, an attachment issued at the suit of the plaintiff, Green, against Peter Hickman, a resident of Virginia, for $326 51, and was levied on a tract of land, belonging to Hickman, lying in Sullivan county. At November term, of the Sullivan circuit court, the death of Hickman was suggested. At March term, 1841, the plaintiff moved for a judgment by default, but the court refused to render said judgment, because the death of Hickman had been suggested, and the suit had not been revived.
David Shaver administered on the estate of Hickman, and a scire facias having been served on him, the suit was revived. No plea was put in by the administrator, and judgment, was *141 rendered againt him for $318 85, to be levied of the goods of Hickman, which might, thereafter, come into the hands of the administrator: the plaintiff admitting that no assets of the estate of Peter Hickman had ever come to said administrator’s hands.
The plaintiff then moved the court to render judgment against the lands attached, and to award an order of sale of said lands, for the satisfaction of said judgment, which the court refused to do. It is now insisted that the court below erred in refusing to render judgment against the land, before the suit was revived against the administrator, and that it also erred in refusing an order of sale of said lands, after the suit had been revived and the administrator failed to replevy.
The proceeding by attachment, is not a proceeding in rem as the counsel for the plaintiff in error insists so as to authorise a judgment, condemning the property levied on, without any judgment against the party indebted. True, the property is in the custody of the law, and will be held for the satisfaction of the debt, if the party indebted does not appear and replevy. But the suit is against the debtor; and the attachment is a means adopted for the security of the creditor, and for enforcing the appearance of the debtor. The declaration is filed against the debtor, and judgment must be rendered against him, before the property can be condemned to. be sold.
After Hickman died, therefore, there was no person against whom a judgment could be rendered until Shaver administered, and the suit was revived against him; and had a judgment been rendered, when there was no party before the court against whom to pronounce it, no rights could have been acquired under it. Such judgment would have been void.
After the death of Hickman, his land descended to his heirs, and the title to the tract this attachment was levied on vested in them, notwithstanding the lien created by the levy of the attachment. No judgment could be rendered condemning the land, until the heirs were before the court. Notwithstanding the attachment had been levied on the land, they would have a right to require that the judgment of the plaintiff should be satisfied out of the personal estate in the hands of the adminis *142 trator, if there were any; and having this right, they must be brought regularly before the court, that they may see that the personal assets have been regularly and fully Administered. There was, therefore, no error in the court refusing to order a sale of the land, after the cause was revived 'against the administrator. Let the judgment be affirmed.
NOTE —In reference to the lien of attachments, see Cook 25*1: 2 Ten. 273: 2 Hnmp. In reference to proceedings against heirs for subjection of real estate, see act of 1784, ch. 11: 2 Hay. 299: 5 Hay. 152, 240: 2 Yerg. 12: 4 Yerg. 10: 1 Yerg. 285: 5 Hay. 9: 4 Yerg. 218: 5 Yerg. 197: Cook, 60: Mar. & Yerg. 353.